**GOLDSTEIN & GOLDSTEIN, LLP**
**60 EVERGREEN PLACE, STE. 502**
**EAST ORANGE, NEW JERSEY  07018**
**(973) 675-8277**
**FAX: (973) 675-5674**
www.goldsteinlaw.com

RETAINER DATE:  3/19/2024                    DATE OF ACCIDENT: 03/11/2024

CLIENT NAME: Nadia Exantus

ADDRESS OF CLIENT: 265 Newark Ave, Bloomfield, NJ 07003

1. ATTORNEY CLIENT RELATIONSHIP The above client hereby agrees to retain Goldstein & Goldstein as his/her attorney, to represent him/her with respect to all claims against the above-named defendant(s) if known or other such person(s) (including a corporation or government body), who may have caused or contributed to an incident which occurred on or about the above referenced date by which the client sustained personal injuries and/or property damage.

2. FEE PERCENTAGE: Although the client has been advised of the right to retain an attorney under an arrangement whereby the attorney would be compensated on the basis of the reasonable values of his service, or on an hourly rate, the client and attorney agree that the attorney shall be paid, pursuant to R. 1:21-7 of the Rules governing the State of New Jersey, a legal fee, contingent in whole or in part, to be computed as follows:

    (a)    33 1/3 % on the first $750,000 recovered.
    (b)    30% on the next $750,000 recovered.
    (c)    25% on the next $750,000 recovered.
    (d)    20% on the next $750,000 recovered.
    (e)    on all amounts recovered in excess of the above by application to the Court on written notice to you for a hearing to determine a reasonable fee; and
    (f)    where the amount recovered is for the benefit of a client who was an infant or incompetent when the contingent fee arrangement was made, the foregoing limits shall apply, except that the fee on any amount recovered by settlement without trial shall not exceed 25%.

3. DISBURSEMENTS: In the event there is no recovery, the client shall not be obligated to pay the attorney a fee for services or for costs. In the event there is a recovery, the client shall be obligated to reimburse the attorney for both services and costs.

4. COSTS AT TRIAL: In the event that the Defendant(s) makes a settlement offer that the attorney recommends, but the client rejects and the client elects to proceed to trial, the client shall be required to pay all anticipated trial costs, including but not limited to, expert and/or physician witness fees. The client's share of trial costs shall be due and owing two (2) weeks before the first trial date. In the event the client fails to pay for such trial costs in advance, the client shall be in default of this retainer agreement, and Goldstein & Goldstein, LLP shall be entitled to withdraw from representing the client.

5. COMPUTATION: The above contingent fee shall be computed on the net recovery arrived at by deducting from the gross recovery all appropriate disbursements in connection with the institution and prosecution of the claim as stated. Such disbursements include those disbursements as set forth in paragraph 3 as may be chargeable in accordance with R. 1:21-7. The fee shall not include legal services rendered on any appeal, review or proceedings, or retrial; nor shall it require the attorney to take an appeal.

6. PIP SUITS/ARBITRATIONS: This retainer agreement does not include legal services to compel an insurance carrier to pay no fault personal injury protection benefits (PIP). If such services are necessary, it shall be governed by a separate retainer agreement to be signed by the client(s).

7. MUNICIPAL COURT APPEARANCES: In the event the attorney is required to represent the client's interest at a municipal court, county traffic court, or administrative hearing, the attorney shall be compensated for his services at the rate of $500.00 per appearance. Any fees due to the attorney pursuant to this paragraph shall be in addition to the contingency fee as calculated above and shall be a lien on the final settlement.

8. MEDICAL BILLS: All medical bills incurred as a result of the injuries or diseases suffered by the client which are not paid by insurance shall be chargeable to the client's share exclusively. The client expressly authorizes the firm to sign lien forms requested by physicians and to pay outstanding medical bills for treatment to physicians or other health care providers at the conclusion of the case. This shall include medical and hospital expenses, subrogation claims and property damage repair bills. The client understands that if there is no recovery or insufficient recovery, the client will remain responsible for the payment of medical bills. In the event that clients medical insurance carrier has the right to assert a lien for reimbursement of their payments, such amount shall also be chargeable to client's share.

9. APPEALS: The above contingent fee does not contemplate any appeal, and the attorney is under no duty to perfect or prosecute such an appeal or petition until satisfactory arrangement is made in writing with referenced to costs and counsel fees. Due to changes in the law, and the uncertainty of legal proceedings, interpretation or changes in the law, or facts or circumstances unknown or beyond the control of parties, no representation as to the final outcome is being made by the law firm.

10. SOCIAL MEDIA (I.E., FACEBOOK, TWITTER, ETC.). We urge you to suspend all social media activity while your case is ongoing. What you post may be harmful to your case, it may be misconstrued or misinterpreted, and/or it may end up on a big screen in the courtroom for everyone to see during your trial. Everything you post may be discoverable by the opposition in your case, either by simply looking you up on the internet, or by seeking a court order. If you choose to not follow our advice to suspend all social media activity, then we urge you to change your privacy settings to the strictest possible access, which is normally "friends only." But our preference and advice is that you suspend all social media activity while your case is ongoing. You should not delete or remove information from your social media, as that could be considered destruction of evidence, spoliation of evidence, or obstruction of justice.

11. LAWSUIT THRESHOLD: If the client's injuries or damages resulted from a motor vehicle accident and the client(s) is subject to the Lawsuit (Verbal) Threshold, the attorney reserves the right to withdraw from representation, if in the opinion of the attorney, the client(s)

injuries will not satisfy the requirements of N.J.S.A. 39:6A-8, which permits the recovery for non-economic losses resulting from the motor vehicle accident, if certain types of serious injuries are sustained.

12. CLAIMS AGAINST PUBLIC ENTITIES: If the client's claim resulted from a claim against a Public Entity, the attorney reserves the right to withdraw from representation if, in the opinion of the attorney, the client(s) injuries will not satisfy the requirements of N.J.S.A. 59:9-2(d), which limits recovery for pain and suffering in cases which do not result in certain types of serious injuries.

13. FOR MOTOR VEHICLE ACCIDENTS ONLY: In Motor Vehicle Accidents, car insurance has personal injury protection (PIP) benefits that pay for your medical treatment. We do not have to pay any PIP benefits back at the end of the case (besides co-pays and deductibles). Oftentimes, the hospital and/or ambulance bill your Medicaid or other Health Insurance after an accident rather than PIP. We have to pay back your Medicaid or other Health Insurance at the end of the case. This money comes out of your pocket. If the hospital and/or ambulance bill your Medicaid or other Health Insurance, it is your responsibility to clear up the issue so that the hospital and/or ambulance submit their bills to PIP. If applicable, it is also your responsibility to assure that PIP reimburses your Medicaid or other Health Insurance.

14. UNPAID CHILD SUPPORT OBLIGATIONS AND OTHER STATUTORY LIENS: The Client(s) understand that pursuant to N.J.S.A. Title 2A Chapter 334 of N.J. 1995, any unpaid child support payments shall be withheld or paid out of any settlement proceeds and are to be paid at the time of disbursement by the attorney. In addition if Medicare or Medicaid make medical payments on your behalf, they will be entitled to full reimbursement from your portion of the settlement at the successful conclusion of the case.

15. LIEN: In the event that this matter is settled with an insurance carrier on behalf of the Client(s), the Client(s) hereby agree that the attorney will have a lien on the Client(s) cause of action and any recovery therefrom for legal services provided.

16. AUTHORITY TO ENDORSE CHECKS: In the event the Client's cause of action is settled or in the event that the attorney receives a draft on your behalf, you authorize the attorney to endorse the Client's name on the draft for deposit in the attorney's trust account.

17. SIGNATURES: The Client(s) has read this Agreement. The attorney has answered all questions and fully explained this Agreement to the Client(s). The Client(s) have been given a signed copy of this Agreement.

GOLDSTEIN & GOLDSTEIN, LLP

By: _____    Client: _____
Michael J. Goldstein, Esq.                     Nadia Exantus